UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LETICIA SAUCEDO,<br><br>        Plaintiff,<br><br>    v.<br><br>VICTORIA'S SECRET STORES, LLC, et al.,<br><br>        Defendants. | Case No. 5:13-cv-04860-EJD<br><br>**ORDER REMANDING CASE** |

    Plaintiff Leticia Saucedo ("Plaintiff") commenced this action in June, 2013, for wrongful termination, disability discrimination, and intentional infliction of emotional distress against Defendants Victoria's Secret Stores, LLC, Retail Store Operations, Inc., Amy Germain, and Shawn Thompson (collectively, "Defendants") in Santa Clara County Superior Court. See Dkt. No. 1. Defendants removed the action to this court in October, 2013, pursuant to 28 U.S.C. § 1331 claiming federal jurisdiction on the basis of a federal question because Plaintiff stated a claim arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq. See id., Notice of Removal at ¶ 5.

    In May 2015, Defendants filed a Motion for Summary Judgment, and in August 2015, Plaintiff filed an opposition brief. See Dkt. Nos. 35, 45. In her opposition brief, Plaintiff states that she withdraws her claim under the FMLA. See Dkt. No. 45 at 1. On that basis, the FMLA claim is DISMISSED WITH PREJUDICE.

    Pursuant to 28 U.S.C. § 1447(c), if at any time before final judgment the district court determines that it lacks subject matter jurisdiction, it must remand the action to state court. Here, the sole basis for federal jurisdiction was Plaintiff's FMLA claim. Since that claim has been

dismissed, the basis for jurisdiction cited in the Notice of Removal no longer exists. See Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 978 (9th Cir. 2013) ("The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met."). Without a federal claim, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. See 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

Accordingly, the court concludes that it now lacks subject matter jurisdiction over this action and, for that reason, will remand this case to state court.

Based on the foregoing, the Clerk shall remand this case to Santa Clara County Superior Court and close the file. All other matters are TERMINATED and VACATED.

**IT IS SO ORDERED.**

Dated: November 20, 2015

EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:13-cv-04860-EJD
ORDER REMANDING CASE